3:08-CV-4075-BZ  ADR  ECF

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
JONATHAN MEAS,

## DEFENDANTS
CITY & COUNTY OF SAN FRANCISCO, et al.

**(b)** County of Residence of First Listed Plaintiff SAN FRANCISCO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant     SAN FRANCISCO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

John L. Burris, Esq. SBN 69888
Benjamin Nisenbaum, Esq. SBN 22217
7677 Oakport Street, Suite 1120, Oakland, CA 94621
(510) 839-5200

Attorneys (If Known)

San Francisco City Attorney's Office
Fox Plaza
1390 Market Street, 7th Floor, San Francisco, CA 94103

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury

**TORTS — PERSONAL INJURY**
- 362 Personal Injury—Med. Malpractice
- 365 Personal Injury—Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**CIVIL RIGHTS**
- 441 Voting
- 442 Employment
- 443 Housing/Accommodations
- 444 Welfare
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- [X] 440 Other Civil Rights

**PRISONER PETITIONS**
- 510 Motions to Vacate Sentence
- Habeas Corpus:
- 530 General
- 535 Death Penalty
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition

**FORFEITURE/PENALTY**
- 610 Agriculture
- 620 Other Food & Drug
- 625 Drug Related Seizure of Property 21 USC 881
- 630 Liquor Laws
- 640 R.R. & Truck
- 650 Airline Regs.
- 660 Occupational Safety/Health
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- 730 Labor/Mgmt. Reporting & Disclosure Act
- 740 Railway Labor Act
- 790 Other Labor Litigation
- 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 463 Habeas Corpus – Alien Detainee
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 810 Selective Service
- 850 Securities/Commodities/Exchange
- 875 Customer Challenge 12 USC 3410
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 892 Economic Stabilization Act
- 893 Environmental Matters
- 894 Energy Allocation Act
- 895 Freedom of Information Act
- 900 Appeal of Fee Determination Under Equal Access to Justice
- 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 1983

Brief description of cause:
Violation of Civil Rights

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $ ov $25,000
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
- [X] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE: 08/25/2008

SIGNATURE OF ATTORNEY OF RECORD: [signature]

E-filing

JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200    Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

FILED
AUG 26 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JONATHAN MEAS,

    Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; GARY MORIYAMA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; ERIC VALENTINI, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO, SCOTT KORTE, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,

    Defendants.
_____/

Case No. C08-04075

**COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.
JURY TRIAL DEMANDED**

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, JONATHAN MEAS ("MEAS"), is and was at all times herein mentioned readily recognizable as an African-American and he is a citizen of the United States residing in the City and County of San Francisco in California.

3. Defendant City and County of San Francisco ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the San Francisco Police Department.

4. At all times mentioned herein, Defendant JESSE SERNA ("SERNA") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

6. At all times mentioned herein, Defendant GARY MORIYAMA ("MORIYAMA") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

7. At all times mentioned herein, Defendant ERIC VALENTINI ("VALENTINI") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

8. At all times mentioned herein, Defendant SCOTT KORTE ("KORTE") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

9. At all times mentioned herein, Defendant HEATHER FONG ("FONG") was employed by Defendant CITY as Chief of Police for the CITY. She is being sued in her official capacity as Chief of Police for the City.

10. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

11. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

12. On the early morning, shortly before 2:00 a.m. on August 26, 2006, Plaintiff JONATHAN MEAS and several friends were walking from Zebra Lounge, a nightclub in San Francisco, CA, located on or near the 400 block of Broadway in the North Beach night club district in San Francisco. Mr. MEAS was not drunk or intoxicated.

13. Mr. MEAS noticed a marked San Francisco Police Department patrol vehicle parked down the street from his location. Two uniformed San Francisco Police Department officers stood outside the patrol vehicle.

14. Many people were standing around, blocking the sidewalk on Broadway. Mr. MEAS and his friends were leaving the area, in accordance with a general announcement made to people standing around the outside of the nightclub by the nightclub's security. It was clear to Mr. MEAS that he, and anyone else in the immediate area were supposed to leave the area, presumably so that they did not block the sidewalk or have crowd disturbances.

15. As Mr. MEAS worked his way through the crowded sidewalk, he was forced to step about one foot off the sidewalk to pass the congested crowd of people. When Mr. MEAS stepped briefly off the sidewalk he stepped back onto the sidewalk as soon as feasible. Mr. MEAS never blocked traffic and never stood in the street. Mr. MEAS' friends followed a similar path to leave the area.

16. The second time Mr. MEAS took a step off the sidewalk to pass a group of people he heard the sound of a motor vehicle approaching him from behind. Before Mr. MEAS could look behind him, the moving vehicle struck him from behind on the back of Mr. MEAS' left leg above the knee. The impact caused Mr. MEAS to stumble.

17. The moving vehicle that struck Mr. MEAS did not stop, and made no attempt to stop. Mr. MEAS quickly turned and kicked at the rear part of the moving vehicle, in response to being struck by the vehicle and in response to the driver's apparent decision not to stop after striking Mr. MEAS. As soon as Mr. MEAS kicked at the rear part of the vehicle he realized that it was a San Francisco Police Department vehicle that had struck him and failed to stop. The marked San Francisco Police Department vehicle then pulled to a stop after driving about another 20 feet. No warning had been indicated from the patrol vehicle prior to striking Mr. MEAS.

18. A police officer, believed to be Defendant Officer MORIYAMA, exited the front passenger side of the patrol vehicle and yelled out to Mr. MEAS "You think you're a tough guy, huh!" Defendant Officer MORIYAMA aggressively approached Mr. MEAS. Mr. MEAS held up his hands to show he was no threat as the officer approached him quickly. Plaintiff tried told the officer repeatedly that the patrol vehicle had struck him.

19. Another officer approached and Plaintiff told that officer that the patrol vehicle had struck him. Plaintiff was respectful in his tone, he called the officer "sir," and Plaintiff did not take any type of "fighting stance" and did not initiate any type of attack upon the officers. Despite Plaintiff's attempts to explain, and the clear fact that Plaintiff posed no threat to anyone, Plaintiff was tackled and thrown to the ground by one or more Defendant Officers. According to Defendant Officers' police report of the subject-incident, Defendant Officer SERNA was one of the officers who took Plaintiff to the ground. Despite Defendant Officer SERNA's documented involvement in the

use of force against Plaintiff, Defendant Officer SERNA prepared no report of his use of force against Plaintiff in the police report of this incident.

20. As Plaintiff lay on the ground Defendant Officers repeatedly kicked and punched him in the face, head, ears, knees and shoulder numerous times. Plaintiff did not attack or threaten anyone, and no reasonable officer could have believed that Plaintiff posed a threat to anyone.

21. Defendant Officer MORIYAMA stated in his police report of the subject-incident that the initial physical contact with Plaintiff occurred when Defendant Officer MORIYAMI opened the door of the patrol vehicle directly into Plaintiff, who had his back to the Defendant Officers' patrol vehicle. Defendant Officer MORIYAMI alleged in his report that Plaintiff was in the way of MORIYAMA opening the car door and did not respond to his warning to get out of the way. However, Plaintiff heard no such warning, and the patrol vehicle was moving when it struck Plaintiff. Plaintiff alleges that Defendants prepared a false police report of the subject-incident

22. The beating shocked and stunned Plaintiff. Plaintiff eventually was able to stand up. He placed his arms behind his back so that the officers would not inflict further physical harm upon him. Defendant Officers SERNA and VALENTINI handcuffed Plaintiff, and Plaintiff was put in a patrol wagon and transported to Central Station. Plaintiff was arrested on false charges of malicious mischief, vandalism to a vehicle, resisting an officer, and battery on an officer. Plaintiff received some medical attention at jail, was released from custody several hours later.

23. After being released from custody, Plaintiff went to St. Francis Memorial Hospital where he was admitted at the emergency room at about 4:00 a.m. on August 26, 2006. Plaintiff's injuries were further treated at St. Francis Hospital, where he was evaluated for a potential orbital bone fracture and several other injuries. A laceration to Plaintiff's right eyebrow was glued closed.

24. Plaintiff returned to St. Francis Hospital on September 1, 2006, after he continued to have persistent headache and continuing pain in his left elbow. Plaintiff was diagnosed with a fracture of his left elbow. Plaintiff worked as a baggage handler at the time of the subject-incident and lost wages as a consequence of the injuries caused by Defendant Officers.

25. Plaintiff fought false criminal charges brought against him as a consequence of the subject incident until the charges were eventually dismissed several months later after Plaintiff made numerous appearances in court.

26. Plaintiff alleges that Defendant Officer SERNA has been sued for violating the civil rights of people by using excessive force and/or making arrests without probable cause in at least ten other instances dating back to 1997. Most of these lawsuits alleged similar instances of misconduct by Defendant Officer SERNA, either committed by Officer SERNA himself, or by Officer SERNA along with other San Francisco Police Department officer. Most of the incidents alleged against Defendant Officer SERNA occurred in North Beach, outside nightclubs, near the same location on Broadway, at night. In addition, Plaintiff alleges that Defendant Officer SERNA has been the subject of at least 24 investigations by the Office of Citizen Complaints, alleging similar misconduct by Defendant Officer SERNA as Mr. MEAS alleges. In spite of this significant history of complaints alleging similar misconduct by Defendant Officer SERNA, Defendant CITY allowed Defendant Officer SERNA to remain in an official position as a police officer to inflict similar abuse upon Mr. MEAS, and other similarly situated as Mr. MEAS, without taking appropriate precautions to protect members of the public from Defendant Officer SERNA.

27. Plaintiff suffered physical injuries and psychological distress as a consequence of the brutal and malicious attack against him by the Defendant Officers.

28. The arrest and use of force against Plaintiff on August 26, 2006 was malicious, wanton and was done without any just provocation or cause, proximately cause Plaintiff's damages. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an aware of all of attorney's fees incurred in relation to this action for violation of his civil rights.

29. As a proximate result of defendants' conduct, plaintiff suffered severe and extreme emotional distress, wage loss, physical, psychological and emotional injury, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity and pride as a United States citizen.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)

(Against Defendant Officers SERNA, MORIYAMA, VALENTINI, KORTE, and DOES 1-10)

30.  Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 29 of this Complaint.

31.  In doing the acts complained of herein, Defendants SERNA, ,and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

   a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, HEATHER FONG, and DOES 11-25)

32  Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33.  Plaintiff is informed and believes and thereon alleges that high ranking City of San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by defendant Officers SERNA, MORIYAMA, VALENTINI, KORTE, and DOES 1-10, and/or each of them.

34.  Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants FONG, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

35. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants SERNA, MORIYAMA, VALENTINI, KORTE and DOES 1-10, and/or each of them, Defendants FONG, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

36. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

 a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

37. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

38. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 37 of this Complaint.

39. As against Defendant CITY, Defendant FONG and/or DOES 11-25 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN

FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

40. Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

41. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

42. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

43. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendants SERNA, MORIYAMA, VALENTINI, KORTE, DOES 1-10, and/or each of them.

44. The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

45. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

46. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $1,000,000.00;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For injunctive relief enjoining Defendant CITY AND COUNTY OF SAN FRANCISCO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons.

5. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

Dated: August 25, 2006                             The Law Offices of John L. Burris

                                                    _____
                                                    John L. Burris
                                                    Attorney for Plaintiff