1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11   JONATHAN MEAS,                  )
                                     )
12            Plaintiff(s),          )      No. C08-4075 PJH (BZ)
                                     )
13        v.                         )      **ORDER COMPELLING DISCOVERY**
                                     )
14   CITY AND COUNTY OF SAN          )
     FRANCISCO,                      )
15                                   )
              Defendant(s).          )
16   _____ )

17        Plaintiff Jonathan Meas ("plaintiff") moved for an order

18   compelling defendant City and County of San Francisco

19   ("defendant") to produce discovery requests No. 7 and Nos. 12-

20   16.   Following a telephone conference with the Court, the

21   parties resolved much of their dispute.   Remaining is a

22   dispute over documents which contain an analysis of complaints

23   of wrongdoing made against police officers (the analysis

24   material).

25        Defendants claim that the analysis material is irrelevant

26   is not well taken.   A request for discovery is relevant if

27   there is "any possibility" that the information sought may be

28   relevant to the claim or defense of any party.   <u>Johnson v.</u>

                                 1

1  Kraft Foods North America, Inc, 238 F.R.D. 648, 653 (D. Kan.
2  2006); See also Soto v. City of Concord, 162 F.R.D. 603, 610
3  (N.D. Cal. 1995). Discovery should be allowed "unless it is
4  clear that the information sought can have no possible
5  bearing" on the claim or defense of a party. Id. The
6  analysis material may contain information about potential
7  witnesses, as well as information about the degree of force
8  used against plaintiff. See Soto at 620. It may also contain
9  information which might be used to impeach the officers. The
10 analysis material in the MCD file may also contain information
11 about whether particular officers have a tendency to act
12 violently in certain situations, and if so, whether the City
13 had knowledge that excessive force was used by these officers,
14 and failed to take appropriate action.

15      A request for citizen complaints against police officers
16 must be evaluated against the backdrop of the strong public
17 interest in uncovering civil rights violations and enhancing
18 public confidence in the justice system through disclosure.
19 Soto at 621 (citing Kelly, 114 F.R.D. at 660-61). Courts in
20 this district have regularly ordered the disclosure of such
21 material in civil rights actions against police departments.
22 See Soto at 621(citing Kelly v. City of San Jose, 114 F.R.D.
23 653, 666 (N.D. Cal. 1987)). Defendants have cited no case
24 which holds that analysis material should not be disclosed. [1]

25

26   [1]  To the extent that defendant asserts the official
information privilege, defendant has not established it. To
27 invoke this privilege, the party asserting it must make a
"substantial threshold showing," which includes an explanation
28 as to how disclosure would create a substantial risk of harm
to government interests. Soto at 613. Defendant's unsupported

2

1        Defendant also contends that any marginal relevance of

2  the analysis material in the OCC and MCD files is outweighed

3  by the privacy rights of the police officers.  Given the

4  relevancy of these documents and the importance afforded their

5  disclosure discussed above, I find that these privacy

6  interests do not outweigh plaintiff's need for disclosure and

7  that the officers' privacy can be adequately protected by a

8  protective order.  *See* <u>Soto</u> at 621-622.

9        For the above stated reasons, plaintiff's motion to

10  compel discovery of the OCC and MCD files is **GRANTED.**  By no

11  later than **October 15, 2009**, defendant shall produce these

12  files pursuant to a protective order.

13  Dated: September 24, 2009

14

15                       Bernard Zimmerman
                       United States Magistrate Judge

16

17  G:\BZALL\-REFS\MEAS V. CITY&CTY.S.F\DISC.ORD3.wpd

18

19

20

21

22

23

24  _____

25  contention that disclosure of the OCC and MCD files would
     impede the police department's ability to evaluate its
26  officers in a frank manner is insufficient.  *See* <u>Soto</u> at 614.
     Defendant's assertion that information pertaining to the
27  *Monell* claim may be obtained elsewhere does not preclude
     disclosure because the substantial threshold showing for this
28  privilege has not been met.  *See* <u>Chism v. County of San</u>
     <u>Bernardino</u>, 159 F.R.D. 531, 533 (C.D. Cal. 1994).