UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN MEAS,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.
_____/

No. C 08-4075 PJH

**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Plaintiff Jonathan Meas seeks an order permitting the filing of a motion for reconsideration of the court's January 28, 2010 order granting defendants' motion for partial summary judgment. The motion is DENIED.

Plaintiff brings his motion under Federal Rule of Civil Procedure 60(b). Rule 60(b) does not provide relief from judgments, orders, or proceedings that are not final decisions within the meaning of 28 U.S.C. § 1291, which generally cannot be appealed immediately. See School Dist. No. 5 v. Lundgren, 259 F.2d 101, 104 (9th Cir. 1958); see also United States v. Martin, 226 F.3d 1042, 1048 n. 8 (9th Cir. 2000) (Rule 60(b) applies only to motions attacking "final, appealable orders").

> The addition of the qualifying word 'final' emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Fed. R. Civ. P. 60(b), Advisory Committee Notes, 1946 Amendment.

Nevertheless, the trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment. Lundgren, 259 F.2d at 104. In this judicial district, Civil Local Rule 7-9 provides a procedure whereby a

litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration in this court.

Here, however, plaintiff has shown neither "[t]hat at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought," or "the emergence of new material facts or a change of law occurring after the time of such order," or "[a] manifest failure by the Court to consider facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b).

In addition, plaintiff's request for leave to file a motion for reconsideration largely consists of a repetition of the arguments he made in opposition to defendants' motion for partial summary judgment. Under Rule 7-9, however, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered. Civil L.R. 7-9(c).

**IT IS SO ORDERED.**

Dated: February 9, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge