UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN MEAS,

       Plaintiff(s),

    v.

JESSE SERNA, ERIC VALENTINI, and SCOTT KORTE

       Defendant(s).
_____/

No. C 08-4075 PJH

**FINAL PRETRIAL ORDER AND NEW TRIAL DATE**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The joint pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

A.    <u>MOTIONS IN LIMINE</u>

    **Plaintiff's Motions:**

    1.    Motion to exclude evidence of plaintiff's prior arrest and conviction is DENIED, except that the evidence will be admitted solely on the issue of plaintiff's damages. The parties shall prepare and submit an appropriate limiting instruction. Evidence regarding the nature and circumstances of the contact will be admitted, but not the facts surrounding the underlying criminal conduct.

1

2. Motion to exclude reference to the court's prior determination that the arrest was lawful and supported by probable cause is DENIED.

3. Motion to exclude video or photographic evidence of the scene on nights other than the night of the incident is GRANTED.

4. Motion to exclude or limit the testimony of defendants' expert psychiatrist is DENIED.

**Defendants' Motions:**

1. Motion to exclude evidence and argument about OCC complaints, other lawsuits, and other incidents involving defendant officers is GRANTED.

2. Motion to exclude evidence and argument disputing legality of plaintiff's arrest is GRANTED.

3. Motion to exclude argument that any contact between the police car and plaintiff amounted to excessive force is DENIED as to any argument about the clipping of plaintiff by Serna and GRANTED as to any argument about the door opening on plaintiff by Moriyama.

4. Motion to exclude evidence and argument about the fact that Serna did not make an entry into the "use of force" log is DENIED.

5. Motion to exclude evidence and argument about other instances of police misconduct is DENIED, except that plaintiff's counsel may not mention other cases by name.

6. Motion to exclude evidence or argument about any purported policy training or disciplinary shortcomings by the City is GRANTED.

7. Motion to exclude evidence and argument about the absence of photographs, interviews, or other arrests on the night of the incident is DENIED.

8. Motion to exclude improper opinions and assertions by plaintiff's police practices expert is GRANTED, and in addition, the police practices expert for either party may not testify as to whether the use of force by defendants was or was not excessive.

    9.    Motion to exclude all evidence and argument about Serna's current assignment is DENIED, except that there shall be no evidence or argument that the current assignment of any defendant is a result of their conduct with respect to the subject incident.

    10.    Motion to preclude expert testimony about the cause of plaintiff's injuries is DENIED.

B.    VOIR DIRE

Should the parties wish to use a case-specific questionnaire, it must be jointly prepared, contain no more than 30 questions, including those contained in the court's routine questionnaire, and be submitted 14 days in advance of the commencement of trial.

C.    JURY INSTRUCTIONS

The parties joint set of instructions will be used in addition to the standard pattern instructions routinely used by the court. A blind set of the joint instructions must be submitted. In addition the parties shall prepare a joint instruction setting forth the claims and defenses of the parties. With respect to the separately submitted instructions, the court indicated its inclination on the record, but will rule definitively on these instructions at the charge conference before the conclusion of the trial. Defendant's additional instruction regarding jury research (docket number 110) will also be given. All additional instructions required by this order shall be submitted 14 days in advance of trial.

D.    VERDICT FORMS

For the reasons stated on the record, neither parties' proffered verdict form is accurate. The parties shall prepare a joint form of verdict and submit it 14 days in advance of the trial.

E.    TRIAL SCHEDULE AND TIME LIMITS

Given defendants' stated need for at least 10 trial days, the **trial will commence on Thursday June 3, 2010, at 8:30 a.m.** (counsel shall be present no later than 8:00 a.m.), for 10 court days. Court will be in session on Mondays, Tuesdays, Thursday and Fridays from 8:30 a.m. to 1:30 p.m. with two 15-minute breaks. Each side will have 18 hours for opening

statements, direct and cross examinations.  Counsel will be required to comply with this court's Trial Rules and Procedures filed on April 22, 2010.

**IT IS SO ORDERED.**

Dated: April 23, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge