UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN MEAS,

    Plaintiff,

    v.

JESSE SERNA, ERIC VALENTINI, and SCOTT KORTE,

    Defendants.
_____/

No. C 08-4075 PJH

**ORDER**

    Plaintiff asserts a Fourth Amendment claim of excessive force based in part on Officer Serna's alleged striking him with the moving police vehicle.  During the discussion of the jury instructions, the parties disputed, among other things, whether plaintiff must prove that Officer Serna's conduct was intentional, or whether it is sufficient to show that it was reckless and whether this claim was even a proper excessive force claim to put before the jury as was argued in support of defendants' motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50.  The court requested and the parties have filed supplemental briefs on this issue.

    The Fourth Amendment proscribes "unreasonable searches and seizures."  U.S. Const., amend. IV.  The reasonableness of a search or seizure depends on "how it is carried out."  Tennessee v. Garner, 471 U.S. 1, 7-8 (1985).  The reasonableness test established in Graham v. Connor, 490 U.S. 386, 387 (1989), for cases involving police use of excessive force in making stops or arrests, applies to the manner in which the police conduct any search or seizure, including limited detentions, and to forms of police conduct other than the use of force.  See Franklin v. Foxworth, 31 F.3d 873, 876 (9th Cir. 1994).

The "reasonableness" inquiry in an excessive force case is an objective one. The question is whether the actions of the officers are "'objectively reasonable'" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. Thus, "[a]n officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional." Id.

For this reason, the question whether Officer Serna was acting "intentionally" or whether he was only acting "recklessly" is not relevant to the question whether his action of striking the plaintiff with the police vehicle constituted excessive force in violation of the Fourth Amendment. That is, "reasonableness" in connection with a Fourth Amendment claim must be determined without regard to Officer Serna's underlying intent or motivation.

The fact that the police car may have struck plaintiff does not transform that action into a constitutional violation. In order to establish a constitutional violation, a plaintiff must prove a violation of some provision of the Constitution. See Baker v. McCollan, 443 U.S. 137, 140 (1979) (in addressing excessive force claim under § 1983, analysis begins with identification of specific constitutional right allegedly infringed by the challenged application of force); see also Graham, 490 U.S. at 393-94.

There is no evidence that Officer Serna struck plaintiff with the police vehicle in the course of detaining him or effectuating an arrest. Nor is there any evidence that plaintiff's freedom of movement was terminated through means intentionally applied, and the cases upon which plaintiff relies are simply inapposite. Thus, even assuming the truth of plaintiff's testimony that he was struck by the police vehicle, plaintiff cannot establish a Fourth Amendment violation based on that occurrence. At the point when the alleged contact between plaintiff and the vehicle occurred, there was no probable cause for his arrest or detention, and none was claimed by any officer, as plaintiff was arrested only after he kicked the police vehicle, which occurred thereafter. The claim that Officer Serna struck plaintiff with the police vehicle, before he even knew who plaintiff was and before any cause for the police contact with plaintiff arose, is at most a tort claim – a claim of

negligence, or (if intentional) of assault and battery.

Accordingly, defendants' Rule 50 motion is GRANTED. Plaintiff may not argue to the jury that the police vehicle striking his left leg amounted to excessive force in violation of the Fourth Amendment. Defendants shall prepare an appropriate instruction removing this issue from the jury's consideration.

With regard to the order issued September 14, 2010, denying defendants' Rule 50 motion with respect to the evidence of an elbow fracture resulting from the use of force, the court clarifies that by allowing the jury to consider this evidence, the court did not mean to suggest that causation has been established by virtue of Dr. Bourgon's finding and plaintiff's testimony. Rather, plaintiff still bears the burden of proving causation and defendants may certainly argue that he has not done so.

**IT IS SO ORDERED.**

Dated: September 15, 2010

PHYLLIS J. HAMILTON
United States District Judge